IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20–53–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| LISA ANN EMMETT, | |
| Defendant. | |

Before the Court is Defendant Lisa Ann Emmett's Unopposed Motion for Early Termination of Supervision. (Doc. 104.) The United States does not oppose. (*Id.* at 1–2.) United States Probation Officer McKenna Arledge does not oppose. (*Id.* at 2.) For the reasons below, the Court grants the Motion.

**Background**

On September 23, 2021, Defendant was sentenced for possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and § 841(b)(1)(A)(viii). (Doc. 95.) The Court sentenced Defendant to 18 months imprisonment, followed by five years of supervised release. (*Id.* at 2–3.) Defendant began serving her term of supervised release on January 8, 2023. (Doc. 105 at 1–2.)

**Discussion**

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant has served approximately 28 months of supervision so she is eligible for early release. (Doc. 105 at 3.) Defendant argues that the § 3553(a) factors support early release because she has been sober for almost five years. (*Id.*) Defendant has worked for over a year at John's Home and Lawn Service. (*Id.*) Prior to that employment, she worked at Carvers Restaurant. (*Id.*) Defendant works

40 hours a week, but when she isn't working she like to spend time with her three children. (*Id.*)

Based on Defendant's commitment to sobriety and her consistent employment, the Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 104) is GRANTED. Lisa Ann Emmett's term of supervised release is TERMINATED as of the date of this Order.

DATED this 25th day of April, 2025.

_____
Dana L. Christensen, District Judge
United States District Court

3